UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRIAN A. PATTERSON,

                        Plaintiff,

v.                                                       Case No. 24-cv-585-pp

CANDACE WHITMAN, *et al.*,

                        Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT (DKT. NO. 12) AND DENYING PLAINTIFF'S MOTION TO CONSOLIDATE FILING FEES AND COSTS (DKT. NO. 16)**

On August 23, 2024, the court screened plaintiff Brian A. Patterson's *pro se* complaint under 42 U.S.C. §1983 and allowed him to proceed on federal and state claims against defendants at Fox Lake Correctional Institution. Dkt. No. 11. On September 9, 2024, the court received the plaintiff's amended complaint. Dkt. No. 12. Under Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course" within twenty-one days of service or within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). The plaintiff filed his amended complaint within that timeframe, so the amendment was timely under Rule 15(a).

But the amended complaint does not comply with the court's Civil Local Rules. Those rules require that a party moving to amend must attach his proposed amended complaint to a motion to amend and the motion must "state specifically what changes are sought by the proposed amendments." Civil Local Rule 15(a)–(b) (E.D. Wis.). The plaintiff's original complaint was thirty-seven pages long and included 151 separately numbered paragraphs of allegations

and no exhibits. Dkt. No. 1. Even though the court allowed the plaintiff to proceed on several federal and state claims, the plaintiff's amended complaint is forty-four pages long and includes 178 paragraphs of allegations and thirteen pages of exhibits. Dkt. No. 12. The plaintiff does not explain why he needs to include an additional seven pages and twenty-seven paragraphs of allegations, nor does he explain the differences between the original complaint and the amended complaint. Because the plaintiff's request does not comply with the court's local rules for amended pleadings, the court will deny his request to amend his complaint. See Hinterberger v. City of Indianapolis, 966 F.3d 523, 528 (7th Cir. 2020) ("[D]istrict courts may require strict compliance with their local rules."); Smith v. Adams, 804 F. App'x 390, 391 (7th Cir. 2020) (same for pro se plaintiffs).

On October 8, 2024, the court received the plaintiff's motion to consolidate his filing fees and costs. Dkt. No. 16. The plaintiff filed that motion in this case and the other case he has pending before this court (Case No. 24-cv-939). Id. at 1. The plaintiff says that he is indigent and is making payments on these two cases and on a third pending lawsuit in the Western District of Wisconsin. Id. He explains that twenty percent of any deposit into his trust account goes to each of these payments, leaving him only forty percent of his deposits to purchase commissary food, hygiene products, laundry and phone cards and other items. Id. at 1–2. He asks the court to "order that the filing fees from all three cases be deducted consecutively instead of simultaneously to prevent such further hardships." Id. at ¶7.

The court will deny this motion. The civil case filing fee is $350 for a plaintiff who has been granted leave to proceed without prepaying the filing fee. A plaintiff must pay that amount for *each* case he files, even if he is indigent.

2
Case 2:24-cv-00585-PP   Filed 10/23/24   Page 2 of 3   Document 18

28 U.S.C. §1915(b)(1). An indigent plaintiff must make payments toward that fee over time in an amount equal to 20% of his preceding month's income credited to his trust account each time the amount in the account exceeds $10. 28 U.S.C. §1915(b)(2). The Supreme Court has held that §1915(b)(2) "calls for 'monthly payments of 20 percent of the preceding month's income' simultaneously for each action pursued." Bruce v. Samuels, 577 U.S. 82, 90 (2016). Those payments *may not* be made sequentially or consecutively. Id. at 87. The plaintiff is responsible for paying the fees associated with his past and pending lawsuits in accordance with §1915(b)(2). It is simply a fact of litigation that when a plaintiff files more than one lawsuit, the requirement that he pay fees for each of those lawsuits may interfere with his ability to use his income for other purchases.

The court **DENIES** the plaintiff's motion to file an amended complaint. Dkt. No. 12.

The court **DENIES** the plaintiff's motion to consolidate filing fees and costs. Dkt. No. 16.

Dated in Milwaukee, Wisconsin this 23rd day of October, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**