UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRIAN A. PATTERSON,

                Plaintiff,

v.                                                  Case No. 24-cv-585-pp

CANDACE WHITMAN, *et al.*,

                Defendants.

**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. NO. 22) AND DISMISSING DEFENDANT AMY DENNEAU WITHOUT PREJUDICE**

      Plaintiff Brian A. Patterson is proceeding under 42 U.S.C. §1983 on federal and state-law claims against Candace Whitman, Casey Kuehn and Amy Denneau at Fox Lake Correctional Institution, where he is incarcerated. On January 6, 2025, the defendants moved for partial summary judgment on the ground that the plaintiff failed to exhaust his administrative remedies for his claims against defendant Denneau before bringing this lawsuit. Dkt. No. 22. The defendants provided six institutional complaints submitted by the plaintiff, none of which relate to Denneau. Dkt. No. 23 at 2–4; Dkt. Nos. 25-2 to 25-7. They assert that because the plaintiff's complaints "did not include information sufficient to put the prison on notice of his claims against Denneau," the court should grant their motion and dismiss her from this lawsuit. Dkt. No. 23 at 8–9.

      The plaintiff responded to the defendants' motion, but he does not oppose it. Dkt. No. 27. He instead "concedes that he did not file any internal complaints

to exhaust his administrative remedies regarding Defendant Amy Denneau." Id. The plaintiff says he "agrees to dismiss Defendant Denneau from these proceedings." Id.

Under the Prison Litigation Reform Act, an incarcerated person cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a); see Woodford v. Ngo, 548 U.S. 81, 93 (2006). "Exhaustion requires an incarcerated person to 'take each of the steps prescribed by the state's administrative rules governing prison grievances.'" Williams v. Rajoli, 44 F.4th 1041, 1045 (7th Cir. 2022) (quoting Chambers v. Sood, 956 F.3d 979, 983 (7th Cir. 2020)).

The plaintiff concedes that he did not file an institutional complaint for his claims against defendant Denneau and did not exhaust his administrative remedies for those claims. He agrees with the defendants that the court should dismiss Denneau. The court will grant the defendants' unopposed motion and will dismiss defendant Denneau and the plaintiff's claims against her without prejudice. See Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) (explaining that "*all* dismissals under § 1997e(a) should be without prejudice").

As a final matter, the defendants in their reply brief ask the court to stay discovery "until the Court issues a decision as to Denneau's motion for partial summary judgment based on exhaustion" because the plaintiff has already served discovery requests, including some directed at Denneau. Dkt. No. 28 at 1. The defendants say they would be prejudiced and that "it would be a waste of resources to respond to any discovery requests for Denneau if she is

inevitably dismissed from this case." Id. The plaintiff responded to this request and does not object to the defendants answering only his discovery requests directed at the remaining defendants. Dkt. No. 30.

The court will not stay discovery. The deadline for the parties to complete discovery is April 7, 2025—over a month away. Dkt. No. 19 at ¶1. The defendants say they have already received at least some of the plaintiff's discovery requests. They may respond only to the requests directed at the remaining defendants (Whitman and Kuehn) and need not respond to any requests directed at Denneau. If the parties believe they need additional time to complete discovery, they may file a motion requesting it.

The court **GRANTS** the defendants' motion for partial summary judgment on exhaustion grounds. Dkt. No. 22.

The court **ORDERS** that defendant Amy Denneau and the plaintiff's claims against her are **DISMISSED WITHOUT PREJUDICE**.

Dated in Milwaukee, Wisconsin this 25th day of February, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**